IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SULLIVAN, not individually but as Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., etc., et al., | ) ) ) | |
| | ) | No. 10 C 1129 |
| Plaintiffs, | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| AYYAD PLUMBING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFFS' MOTION FOR JUDGMENT

Plaintiffs, James T. Sullivan, not individually, but as Trustee of Plumbers' Pension Fund, Local 130, U.A., etc., et al. ("Funds"), by their attorneys, John W. Loseman, Douglas A. Lindsay, and Brian T. Bedinghaus, with LEWIS, OVERBECK & FURMAN, LLP of counsel, move the Court pursuant to F.R.Civ.P. 12(a) and 55, or in the alternative pursuant to F.R.Civ.P. 12(c), to enter judgment in favor of Funds and against Defendant, Ayyad Plumbing, Inc. ("Ayyad"). In support hereof, Funds state:

1. Funds are multi-employer employee benefit funds and a not-for-profit corporation. Funds brought their two-count complaint in this action pursuant to a collective bargaining agreement, ERISA, 29 U.S.C. §§1132 and 1145, and LMRA, 29 U.S.C. §185.

2. In Count I, Funds seek judgment against Ayyad on a labor arbitration award dated May 28, 2009. In Count II, Funds seek judgment against Ayyad on a labor arbitration award dated April 12, 2009. *Complaint, Docket No. 1*. While copies of these Awards are attached as Exhibits B and C to the Complaint, additional copies are attached hereto as Exhibits B and C for the Court's convenience.

3.  Ayyad was served with process on February 27, 2010.  *Return of Service, Docket No. 8.*  For the Court's convenience, a true and correct copy of the Return of Service is attached as Exhibit D.

5.  Pursuant to F.R.Civ.P. 12(a)(1), Ayyad was required to answer the Complaint by March 22, 2010.  On that date, two non-attorney corporate officers of Ayyad filed a document entitled "Response of the Defendant to All Counts (I & II)."  *Docket No. 9.*

6.  As no attorney has appeared or filed any response on behalf of Ayyad, an Illinois corporation, Ayyad is in default.

7.  Further, to the extent that the Court might construe the document at Docket No. 9 as a response to the Complaint, such document fails to deny or even address the allegations of the Complaint.  Thus, all of Funds' averments are admitted.   F.R.Civ.P. 8(b)(6).

8.  Further, to the extent that the Court might construe the document at Docket No. 9 as a response to the Complaint, such document fails to assert any defenses to enforcement of the labor arbitration Awards.  F.R.Civ.P. 8(c).

9.  Further, to the extent that the Court might construe the document at Docket No. 9 as a response to the Complaint, Ayyad's failure to challenge the Awards within the 90 day statute of limitations bars any challenge or defense.  *Sullivan v. Gilchrist,* 87 F.3d 867, 871 (7th Cir. 1996).

10.  Ayyad owes the following on Counts I and II of the Complaint:

Decision and Award dated 5/28/09 attached as Exhibit B,
pursuant to the Collective Bargaining Agreement,
ERISA, 29 U.S.C. §1132(g)(2)(A) and (B), and
LMRA, 29 U.S.C. §185                                                    $259,159.88

Decision and Award dated 4/02/09 attached as Exhibit C,
pursuant to the Collective Bargaining Agreement,
ERISA, 29 U.S.C. §1132(g)(2)(A) and (B), and
LMRA, 29 U.S.C. §185                                                    $25,000.00

Additional interest on Decision and Award dated 5/28/09

for period 6/29/09 through 3/31/10 at $2,586.10/mo. as set
forth in Exhibit B, pursuant to the Collective Bargaining
Agreement, 29 U.S.C. §1132(g)(2)(B), and 29 U.S.C. §185          $25,861.00

Funds' attorneys' fees and costs through 3/24/10
as set forth in Affidavit of John W. Loseman
attached as Exhibit E, pursuant to the Decision and Awards
dated 5/28/09 and 4/02/09, Collective Bargaining Agreement,
29 U.S.C. §1132(g)(2)(D), and 29 U.S.C. §185                     $5,129.38

Total:                                                          $315,150.26

WHEREFORE, Plaintiffs, James T. Sullivan, not individually but as a Trustee of

Plumbers' Pension Fund, Local 130, U.A., etc., et al., request that the Court (a) enter an order

holding Defendant, Ayyad Plumbing, Inc., in default pursuant to F.R.Civ.P. 12(a) and 55, or in

the alternative hold in favor of Funds and against Ayyad on the pleadings pursuant to F.R.Civ.P.

12(c); and (b) enter final judgment on Counts I and II in favor of Plaintiffs and against Ayyad in

the amount of $315,150.26.

James T. Sullivan, not individually but as a
Trustee of Plumbers' Pension Fund, Local 130,
U.A., etc., et al., by their attorneys, John W.
Loseman, Douglas A. Lindsay, and Brian T.
Bedinghaus

By: /s/ John W. Loseman
John W. Loseman
20 N. Clark Street, Suite 3200
Chicago, IL  60602-5093
312.580.1258

Of Counsel:
LEWIS, OVERBECK & FURMAN, LLP
20 N. Clark Street, Suite 3200
Chicago, IL  60602-5093
312.580.1200

<u>CERTIFICATE OF SERVICE</u>

John W. Loseman, an attorney, certifies that he caused a copy of the foregoing Plaintiffs' Motion for Judgment to be served on the following person(s):

Ayyad Plumbing, Inc.
c/o Elham Byyad, Registered Agent
240 Cardinal Drive
Bloomingdale, IL  60108-1317

by causing a true and correct copy thereof to be sealed  in an envelope addressed as aforesaid, with proper first class postage prepaid, and deposited with the U.S. Postal Service at 20 N. Clark Street, Chicago, IL this 30th day of March, 2010.


/s/  John W. Loseman